## FAIRFIELD SCIENTIFIC CORP.

### v.

### The UNITED STATES.

### No. 145–78.

United States Court of Claims.

July 1, 1981.

James V. Joy, New York City, attorney of record, for plaintiff.

Robert E. Richardson, Washington, D. C., with whom was Acting Asst. Atty. Gen. Thomas S. Martin, Washington, D. C., for defendant.

Before NICHOLS, BENNETT, and SMITH, Judges.

ON DEFENDANT'S MOTION AND PLAINTIFF'S CROSS–MOTION FOR SUMMARY JUDGMENT, AND ON REPORT TO COURT AFTER REMAND TO BOARD OF CONTRACT APPEALS

PER CURIAM:

This case comes before the court on defendant's motion, filed May 20, 1981, moving that the court adopt the recommended decision of Trial Judge Philip R. Miller, Chief of the Trial Division, filed April 9, 1981, pursuant to Rules 13(c), 150(d) and former Rule 166(c), on the parties' cross-motions for summary judgment, and after remand to the Board of Contract Appeals, as the basis for its judgment in this case since plaintiff has filed no request for review by the court thereof and the time for so filing under the Rules of the court has expired. Upon consideration thereof, without oral argument, since the court agrees with the trial judge's recommended decision, as hereinafter set forth, it hereby affirms and

adopts the decision as the basis for its judgment in this case. Accordingly, plaintiff's petition is dismissed, and judgment is entered for defendant on its counterclaim for $46,946.60 with interest at 8¾ percent from March 15, 1976.

## OPINION OF TRIAL JUDGE

MILLER, *Trial Judge* : In its decision filed December 12, 1979, the court remanded this case to the Armed Services Board of Contract Appeals (ASBCA) to permit plaintiff to cross-examine the contracting officer on whether his decision to terminate plaintiff's supply contract was reached in good faith in the exercise of his own independent discretion or was improperly influenced by plaintiff's competitor or by anyone else. The court emphasized that the Board was not authorized or directed to reopen the issues concerning the reprocurement of the defaulted supplies. (*Fairfield Scientific Corp. v. United States*, 222 Ct.Cl. ——, ——, 611 F.2d 854, 855, 866 (1979).)

Thereupon, by orders dated December 14 and 28, 1979, and January 23, February 8, February 26 and March 18, 1980, the ASBCA sought to have plaintiff designate a date when it would be available for the hearing in which it would cross-examine the contracting officer as set forth in the remand order. However, plaintiff failed to comply with any of such orders, and on March 20, 1980 wrote to the Board:

Appellant is unable to say whether it desires a further hearing until it knows what discovery the Navy or the Board will make available to it.

\* \* \* \* \* \*

What discovery the Board is willing to accord Appellant, Appellant will promptly avail itself and promptly advise the Board of its decision to seek a further hearing or forego the opportunity as a futile exercise.

Plaintiff requested the Board to order the Navy to produce for its examination files relating to the administration of two contemporaneous contracts with plaintiff's competitor and of a visitors' log showing all visitors to procurement personnel during the pertinent period. Plaintiff asserted that the "relevance of the requests is to identify personnel who may have urged the contracting officer to terminate the subject contract for default."

By order dated April 8, 1980, the ASBCA directed the Navy to produce such documents plus all records of contemporaneous telephone conversations participated in by the contracting officer. In the same order, it further provided:

Within ten (10) days from receipt of this Order or on or before 21 April, 1980, whichever is later, appellant is directed to file with the Board a statement setting forth: (1) its proposed schedule for completion of discovery; (2) its intention to participate in a further hearing on this appeal; and (3) the date when it expects to be ready for such further hearing, if desired.

Plaintiff failed to comply with the above-quoted provision. Accordingly, on April 28, 1980, the Board issued an order to plaintiff to show cause within 30 days of receipt of the order or on or before June 2, 1980, whichever is later, why the appeal should not be dismissed because of plaintiff's failure to comply with the requirements of the April 8 order. The Board relied on ASBCA Rule 31, which provides for dismissal for failure to prosecute where an appellant fails to respond to notices or correspondence from the Board, comply with orders of the Board, or otherwise to indicate an intention to continue the prosecution of an appeal.

Plaintiff not having responded to the order to show cause, on June 6, 1980 the Board's recorder notified plaintiff of an order of dismissal entered by the Board on June 3.

Meanwhile, on June 5, 1980, the Navy wrote a letter to the Board and to plaintiff, supported by affidavits, that none of the documents sought by plaintiff remained in existence.

On July 5, 1980, plaintiff filed a motion with the Board for reconsideration on the ground that the order of dismissal was filed by the Board in the mistaken belief that the

Government had actually provided the discovery sought by plaintiff. However, on July 30, 1980, the Board denied plaintiff's motion, stating in part that plaintiff's notion that the dismissal order had been issued because of a "mistaken belief" that the Government had already provided discovery was erroneous and provided no basis for reconsideration. It noted that the court's remand order did not contemplate reopening pretrial proceedings and permitting pursuit of further discovery beyond that which had been conducted by the parties preparatory to the original hearing. It explained that:

> With a view to providing appellant with the fullest possible opportunity to prepare for the forthcoming hearing, notwithstanding the limited scope of the Court's remand order and over the objection of the Government, the Board indicated that it would permit appellant to pursue further discovery limited to areas relevant to the issue to be tried pursuant to the remand order.

It reiterated, however, that its reason for dismissal was plaintiff's disregard of and failure to comply with the Board order directing plaintiff to notify the Board of its proposed schedule for completion of discovery and of its intention to participate in and its readiness for a hearing on the appeal. It added that even the motion for reconsideration did not supply any of such information nor excuse for plaintiff's failure to comply with the Board's orders, nor did it indicate an intention to continue with the prosecution of the appeal in accordance with the court's remand order.

On October 3, 1980, defendant furnished its notice to the court of final action by the ASBCA on the remand, pursuant to Rule 150(d), indicating that the Board's dismissal of plaintiff's appeal was proper. On November 10, 1980, plaintiff filed its report under Rule 150(d) stating in part:

> Lack of the documents and records and the demeanor of the Administrative Judge of the Armed Services BCA leads plaintiff to concede, also taking into consideration Mr. Richardson's [Government attorney] representation, that if questioned, the contracting officer would not admit that any solicitation was made of the government by the other contractor and that in the absence thereof, the Armed Services BCA would not determine that such solicitation had occurred because of the sensitivity manifested by the Administrative Judge thereof toward the remand and toward plaintiff's counsel.

Plaintiff takes exception to the Board's dismissal order on the ground that it did not respond to the Board's April 8 order because it was patiently awaiting receipt from defendant of the documents ordered by the Board on April 8. But it does not explain why it did not respond to the 30-day show cause order of April 28 until July 5, 1980.

In light of the limited scope of the court's remand and plaintiff's concession quoted above, there is no remaining issue to be decided by the Board. The remand proceedings were intended to provide an opportunity for plaintiff to complete the cross-examination of the contracting officer of which it was unfairly deprived. Instead plaintiff attempted to convert it into a vehicle for the discovery in which it failed to engage in the original pretrial proceedings.

Plaintiff also attempts to have both the Board and the court relitigate the post-default reprocurement issue which was previously decided against plaintiff. But this flies in the face of the remand order, and plaintiff raises no legitimate ground for reconsideration of such order.

There being ample justification for the Board's order of dismissal, plaintiff's petition should be dismissed. Defendant is entitled to recover on its counterclaim for defendant's excess costs of reprocurement in the sum of $46,946.60, plus interest at $8\frac{3}{4}$ percent per annum from March 15, 1976, in accordance with the interest clause, as determined by the contracting officer and redetermined by the ASBCA in its opinion and findings dated October 28, 1977, and as affirmed by this court on December 12, 1979.

## CONCLUSION

Plaintiff's petition is dismissed. Judgment is entered for defendant on its coun-

terclaim in the sum of $46,946.60 with interest at 8¾ percent from March 15, 1976.